J-S24003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JERMAINE TERRELL MILLER | : | |
| | : | |
| Appellant | : | No. 1284 MDA 2017 |

Appeal from the PCRA Order, July 24, 2017,
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000626-2014.

BEFORE: OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

CONCURRING STATEMENT BY KUNSELMAN, J.:     **FILED JUNE 13, 2018**

I join the majority in deciding that Appellant Jermaine Miller failed to provide a meaningful discussion of any appealable issues in his brief, and as such he has waived his claims on appeal. I write separately to note that Miller filed this action pursuant to the Post-Conviction Collateral Relief Act, 42 Pa. C.S.A. §§ 9541-9546, yet he failed to cite this Act or set forth how he is even eligible for relief under section 9543.

In order to obtain relief under this Act, the petitioner must establish that the allegation of error was not previously litigated. *Id*. at § 9543(a)(3). The Act provides that an issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." *Id*. at § 9544(a)(2).

From my review of Miller's brief, it appears the majority of his argument concerns the trial court's failure to issue him subpoenas to gather "exculpatory material" to prove his innocence. Miller's Brief at 5-6. Miller raised this issue in his direct appeal to this Court. The issue was thoroughly discussed by this Court, and we already determined that Miller was not entitled to relief on this issue. *See Commonwealth v. Miller*, 154 A.3d 848 (Pa. Super. 2016) (unpublished memorandum) at 3-4. We agreed with the trial court that any evidence Miller would have obtained from these subpoenas, to prove that his identity was stolen, would not provide a defense or justification for the criminal behavior that led to his convictions. Thus, the highest appellate court that Miller could have had a review as a matter of right has already ruled on this merits of this issue. As such, Miller cannot raise this same issue again in a PCRA petition.[1]

Judge Musmanno joins this Concurring Statement.

---

[1] I also note that Miller's allegations regarding the dash cam were also fully litigated on his direct appeal, and, therefore, cannot be raised again in a PCRA petition. *See Commonwealth v. Miller*, 154 A.3d 848 (Pa. Super. 2016) (unpublished memorandum) at 5-7.